782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARMAND ALMEIDA; GERALDINE ALMEIDA; CANDACE COOK; LARRY COOK;
DANIEL DARRAH; RUTH DARRAH; DORIS SUAREZ and
JOSEPH SUAREZ, Plaintiffs-Appellants,
v.
PAUL E. KINDINGER, DIRECTOR OF STATE OF MICHIGAN DEPARTMENT
OF AGRICULTURE; JOHN R. BLOCK, SECY. UNITED STATES
DEPARTMENT OF AGRICULTURE; HARRY C. MUSSMAN, DIR. APHIS
PROGRAM, U.S. DEPARTMENT OF AGRICULTURE; R. MAX PETERSON,
CHIEF, U.S. FOREST SERVICE, U.S. DEPT. OF AGRICULTURE; GLEN
WILKERSON, SUPT. HARTLAND TOWNSHIP, in their official
capacities, Defendants-Appellees.
 84-1877
 United States Court of Appeals, Sixth Circuit.
 12/26/85
 
 Before: ENGEL and KEITH, Circuit Judges; and UNTHANK, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs, residents and property owners in Hartland Township, Livingston County, Michigan, appeal the judgment of the United States District Court for the Eastern District of Michigan, denying their motion under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(b), (d), and the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. Sec. 1988, for attorney's fees incurred in their action to enjoin the United States Department of Agriculture and the Michigan Department of Agriculture from effecting a program of aerial pesticide spraying in Hartland Township.
 
 
 2
 In the spring of 1984, as part of a program to control gypsy moth infestation, the U.S.D.A. and the M.D.A. proposed to spray the pesticide Carbaryl-Sevin over areas of Michigan including Hartland Township. The residents challenged the proposed spraying and filed a motion for a temporary restraining order. On May 15, 1984, following the hearing on the residents' motion, the defendants agreed to terminate plans to spray in Livingston County as well as Oakland and Oceana Counties after the district court drew their attention to the residents' right to 'opt-out' of the program under the final environmental impact statement. In a later conference call the residents' counsel agreed that this decision satisfied all relief sought and mooted the issue. No injunction issued and the case was dismissed without prejudice.
 
 
 3
 On July 24, 1984 the residents moved for a grant of attorney's fees and expenses, alleging that they were prevailing parties in the underlying action. The district court denied their motion, reasoning that the district court's action in raising the opt-out provision, rather than any argument by the residents, changed the defendants' position.
 
 
 4
 On appeal, the residents argue that their lawsuit was causally related to the satisfaction of their relief request since, but for their suit, the district court clerk would not have discovered the opt-out provision that all parties overlooked, and that there was a basis in law for the relief obtained. They further contend that the defendants failed to meet their burden of showing that their position was substantially justified.
 
 
 5
 The federal defendants challenge the residents' showing under the causation prong of the prevailing party test and further contend that their position was substantially justified. The state defendants challenge causation, but also contend that the EAJA does not apply against them and that the circumstances of the resolution of the underlying action constitute a 'special circumstance' that precludes the award of attorney fees.
 
 
 6
 Upon consideration, the court is of the opinion that a sufficient showing has been made by plaintiffs that, although their lawsuit may have been dismissed for mootness, they are nonetheless prevailing parties within the meaning of the Equal Access to Justice Act and also as that rule has been applied to successful parties in actions brought generally under the Civil Rights Act. Counsel for defendants do not appear to disagree with the conclusion that, but for the action of the plaintiffs' attorneys in commencing suit, the defendants' program of aerial spraying would have continued. While this circumstance alone may not have been a sufficient reason for such an award, it is apparent that plaintiffs succeeded through the instant litigation in obtaining relief for a three county area, as well as for their own property from the allegedly unlawful spraying that they assert was potentially harmful to the plaintiffs, their children, and others who might be adversely affected in their homes and schools. Further, the court does not find special circumstances such as to render unjust the awarding of a fee in light of defendants' claim that the existence of the 'opt-out' program in the final environmental impact statement was drawn to the attention of the court by its own clerk and not by counsel for any of the parties. While the purported discovery of this provision may have provided the catalyst for settlement, the court is of the opinion that the causal relationship established between the assertions in plaintiffs' complaint and the government's determination to terminate spraying plans was sufficient to form a basis in law for the relief obtained. We are not of course asked to decide nor do we determine the reasonableness of any fee sought, this being a matter to be determined by the trial court upon remand.
 
 
 7
 Accordingly, the judgment of the district court is REVERSED and the cause REMANDED for further proceedings.
 
 
 
 *
 The Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation